IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **KEYONA HARRIS**, **JANEE QUALLS**, **PAMALA JACKSON**, and **RANDALL MISNER**, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**DISCOVER PRODUCTS, INC.**, a corporation, and **DISCOVER FINANCIAL SERVICES**, a corporation,<br><br>Defendants. | Case No: 1:23-cv-05071<br><br>Hon. Franklin U. Valderrama<br><br>Mag. Beth W. Jantz |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF <u>CLASS NOTICE,</u> <u>AND SETTING FINAL APPROVAL HEARING</u>**

This matter has come before the Court on the unopposed motion by Plaintiffs Keyona Harris, Janee Qualls, Pamela Jackson and Randall Misner ("Plaintiffs"), on behalf of themselves and similarly situated employees of Defendants Discover Products, Inc. and Discover Financial Corporation ("Defendants") (together, the "Parties"), for preliminary approval of the Parties' Joint Stipulation of Class/Collective Action Settlement (hereinafter the "Settlement Agreement") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C §§ 201, *et seq*. All capitalized terms in this Order shall have the same meaning as defined in the Settlement Agreement herein, unless otherwise defined in this Order.

Plaintiffs, without opposition by Defendants, seeks an Order (1) preliminarily certifying the class and collective claims for settlement purposes only under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act, 29 U.S.C, §§ 201, *et seq*.; (2) preliminarily approving the Settlement Agreement; (3) preliminarily appointing Plaintiffs as the representatives

of, and Sommers Schwartz, P.C. as counsel ("Class Counsel") for, the Class/Collective Members; (4) approving the form for providing Notice of the Settlement to the Class/Collective Members, the form of the FLSA Opt-in Form for Settlement Class Members to opt-in to the action to receive a FLSA Settlement Payment, and the form of the Request for Exclusion Form for those Class/Collective Members wishing to be excluded from the Settlement; and (5) scheduling a hearing on the final approval of the Settlement Agreement and approval of the application of Class Counsel and Plaintiffs for the requested attorneys' fees, litigation expenses, and class representative service awards.

Having considered the papers filed in support of the motion, the arguments of counsel, and the law, the Court now enters this Order and **FINDS**, **CONCLUDES**, and **ORDERS** as follows:

1. The Motion is **GRANTED**, and the settlement of this action is **PRELIMINARILY APPROVED** because it appears that, at the final approval stage, the Court will "will likely be able to" approve the settlement under the criteria described in Federal Rule of Civil Procedure 23(e)(2) and certify the settlement class under the criteria described in Civil Rules 23(a) and 23(b)(3). *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

2. The Notice Packet attached to the Settlement Agreement and the notice protocols described in the Settlement Agreement are approved pursuant to Civil Rules 23(c)(2)(B) and 23(e)(1).

3. Individuals who wish to opt-in to the action to receive a FLSA Settlement Payment must follow the procedures described in the Settlement Agreement and the Notice Packet and must do so within 45 days of issuance of Notice by the Settlement Administrator.

4. Individuals who wish to excluded themselves from the Settlement Agreement must follow the procedures described in the Settlement Agreement and the Notice Packet and must do

so within 45 days of issuance of Notice by the Settlement Administrator.

5. Individuals who wish to object to the settlement must follow the procedures described in Settlement Agreement and the Notice Packet and must do so within 45 days of issuance of Notice by the Settlement Administrator.

6. Sommers Schwartz, P.C. is appointed interim class counsel pursuant to Civil Rule 23(g)(3) and shall ensure that the notice process contemplated by the Settlement Agreement is followed. The Court will make its final decision regarding the appointment of class counsel as part of the Court's consideration of the final approval of the Settlement Agreement and pursuant to the criteria described in Civil Rule 23(g)(1).

7. The Named Plaintiffs are appointed as the representatives of the Class Members.

8. Atticus Administration, LLC, is appointed as the Settlement Administrator to perform the duties set forth in the Settlement Agreement.

9. Pursuant to Civil Rule 23(e)(2), a hearing addressing final approval of the Settlement Agreement will be held on June 25, 2026, at 9:30 a.m., at the U.S. District Court for the Northern District of Illinois, Courtroom 1941, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. During this hearing, the Court will hear from any objectors or other class members who wish to address the Court and will hear argument from counsel regarding, *inter alia*, the following issues: whether the settlement warrants final approval under Civil Rule 23(e)(2) and 29 U.S.C. § 216(b); whether the settlement classes should be certified under Civil Rules 23(a) and 23(b)(3) and 29 U.S.C. § 216(b); whether the service awards set forth in the Settlement Agreement should be approved; and whether the attorney's fees and litigation expenses sought by interim class counsel in the Settlement Agreement should be approved under Civil Rule 23(h).

10. The Parties and the Settlement Administrator shall comply with the deadlines set forth in the Settlement Agreement.

11. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of before entering into the Settlement Agreement. The Court's findings are for purposes of certifying a settlement class and to settle the matter and will not have any claim or issue preclusion or estoppel effect in any other action against Defendants or in this action if the Settlement Agreement is not finally approved.

**IT IS SO ORDERED.**

Dated: February 18, 2026

_____
HON. FRANKLIN U. VALDERRAMA
United States District Judge