## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**KEYONA HARRIS**, **JANEE QUALLS**, **PAMALA JACKSON**, and **RANDALL MISNER,** individually, and on behalf of all others similarly situated,

        Plaintiffs,

v.

**DISCOVER PRODUCTS, INC., a corporation, and DISCOVER FINANCIAL SERVICES, a corporation,**

        Defendants.

Case No: 1:23-cv-05071

Hon. Franklin U. Valderrama

Mag. Beth W. Jantz

---

### ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

This matter has come before the Court on the unopposed motion by Plaintiffs Keyona Harris, Janee Qualls, Pamela Jackson and Randall Misner ("Plaintiffs"), on behalf of themselves and similarly situated employees of Defendants Discover Products, Inc. and Discover Financial Corporation ("Defendants") (together, the "Parties"), for final approval of the Parties' Joint Stipulation of Class/Collective Action Settlement (hereinafter the "Settlement Agreement") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C §§ 201, *et seq*. All capitalized terms in this Order shall have the same meaning as defined in the Settlement Agreement herein, unless otherwise defined in this Order.

Having considered the papers filed in support of the motion, the arguments of counsel, and the law, the Court now enters this Order and **FINDS**, **CONCLUDES**, and **ORDERS** as follows:

1. The Motion is **GRANTED**, and the settlement of this action is **FINALLY APPROVED** because the Settlement satisfies the criteria described in Federal Rule of Civil

Procedure 23(e)(2) and the settlement class satisfies the criteria described in Civil Rules 23(a) and 23(b)(3). *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

2. The Court has jurisdiction over the subject matter of this litigation and over all parties to this action, including the Class Members and Settlement Class Members, as such terms are defined in the Settlement Agreement.

3. The Court has determined that the Notice given to Class Members fully and accurately informed Class Members of all material elements of the proposed settlement, constituted valid, due, and sufficient notice to all Class Members, and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4. All Class Members, except the 90 Class Members who requested exclusion, are bound by the settlement, including the Rule 23 Release contained in the Parties' Settlement Agreement.

5. The 90 Class Members who requested exclusion from the Settlement by properly submitting request for exclusion form by the date set by the Court are not bound by the Settlement, have not released any claims, and will not obtain any monetary or other benefits of the Settlement.

6. The 7,611 Class Members who submitted valid FLSA Opt-in Forms, are bound by the settlement, including the FLSA Release contained in the Parties' Settlement Agreement.

7. No Class Members submitted any objections to the Settlement.

8. Sommers Schwartz, P.C., is appointed as Class Counsel.

9. The Named Plaintiffs are appointed as Class Representatives.

10. The following amounts shall be distributed by the Settlement Administrator from the Gross Settlement Amount:

    a. Attorneys' fees to be paid to Class Counsel in the amount of $5,000,000;

      b.      Litigation expenses to be paid to Class Counsel in an amount not to exceed $30,000;

      c.      Settlement administration fees to Atticus Administration, LLC, in an amount not to exceed $130,000; and

      d.      Class Representative service awards to the Named Plaintiffs in the cumulative amount of $36,000 which shall be distributed as follows:

            i.      $10,000 to Keyona Harris;

            ii.      $7,500 each to: Janee Qualls, Pamala Jackson, and Randall Misner; and

            iii.      $3,500 to Danielle Carr.

11. The Court grants final approval of the Settlement of this action in accordance with the terms of the parties' Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate in all respects.

12. The Court hereby dismisses this action, and all claims and causes of action asserted therein, on the merits and with prejudice, as to Plaintiffs and all Class Members. This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

13. This Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by Defendant. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Defendant, Plaintiffs, or the Class Members.

14. The terms of the Settlement Agreement remain binding upon the parties thereto, who are directed to implement its provisions.

15. The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement, the Order Granting Plaintiffs' Unopposed Motion for Preliminary

Approval of Class Action Settlement [ECF No. 95] entered on February 18, 2026, and this Order.

16.     This document will constitute a final judgment for purposes of Rule 58, Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: June 25, 2026

_____
Judge Franklin U. Valderrama
United States District Judge